ACCEPTED
03-13-00498-CV
5331204
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/18/2015 6:10:25 PM
JEFFREY D. KYLE
CLERK

No. 03-13-00498-CV

# In the
# Third Court of Appeals
## at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/2015 6:10:25 PM
JEFFREY D. KYLE
Clerk

———————————————

RONNIE LAWSON AND LEAH LAWSON,
*Appellants,*

v.

BENJAMIN KEENE, KRISTI KEENE,
GRETCHEN GAYLE GULLEKSON, DAYNA MARIE TWYMAN
AND KWI-8, L.L.C. D/B/A KELLER WILLIAMS REALTY ,
*Appellees.*

———————————————

On Appeal from the 200th District Court
of Travis County, Texas

———————————————

## MOTION TO AMEND UNDER RULE 38.7

———————————————

TO THE HONORABLE COURT OF APPEALS:

I.

As mentioned in the Reply Brief,[1] this motion to amend offers the

Court an additional path to reach the limitations issue, as it applies to the

claim for negligent misrepresentation.

---

[1] *See* Reply Br. 10-11.

## II.

The statement of issues in the Appellants' Brief encompasses all grounds for summary judgment: "Was summary judgment proper on that or other grounds?" *See* App'nt Br. xii (Issue 1). One of those grounds was statute of limitations. In the trial court, that ground was presented against two claims—DTPA and negligent misrepresentation. The Appellees argue that the Lawsons' opening brief waived limitations as to one of these claims (negligent misrepresentation). The Reply Brief argues that, because the issue was broadly framed and because the substantive arguments are coextensive, the Appellants' Brief in fact does preserve an appellate challenge to limitations for both claims. *See* Reply Br. 10-11.

By requesting a formal amendment, this motion offers an alternative means to the same result. *In re Lumbermens Mut. Cas. Co.,* 184 S.W.3d 718, 727 (Tex. 2006) ("our appellate rules empower the courts of appeals to allow parties to amend or supplement their briefs whenever justice requires") (citing TEX. R. APP. P. 38.7); *Majeed v. Hussain,* 2010 Tex. App. LEXIS 8477, at *29 (Tex. App.—Austin Oct. 22, 2010, no pet.) (granting a Rule 38.7 amendment in the alternative, "to the extent there is any doubt" about the requested relief being preserved).

III.

The uncertainty arises because a heading and one sentence in the Appellants' Brief (at page 36) mention the DTPA claim but (erroneously) do not mention the negligent-misrepresentation claim:

> III. The DTPA Claim Is Not Time Barred.
>
> The only other merits ground advanced in the traditional motion relates solely to the DTPA claim, challenging whether it is time-barred....

Notably, the quoted sentence is not describing the Lawsons' argument. Instead, it purports to describe the motion below—albeit erroneously. *See* Appellants' Br. 36 (discussing what the defendants "advanced in the traditional motion"). Nothing in this introductory passage suggests that the Lawsons were knowingly waiving a claim on appeal. To the contrary, other portions of the same appellate brief are devoted to merits arguments defending the very same claim. *See* Appellants' Br. 33-36 & 46-48.

IV.

Substantively, the same two-year limitations period applies to both claims. The passage that follows that mistaken introductory sentence could apply equally to either claim, describing how the defendants failed to

conclusively <u>dis</u>prove the discovery rule in their traditional summary judgment, citing testimony about when the claims were discovered. Appellants' Br. 36-38. Nonetheless, the Appellees urge the Court to limit that substantive argument only to the DTPA claim—treating this passage as, effectively, waiving a claim.

Finding such a technical waiver does not serve the interests of justice. And there is no prejudice to permitting the amendment. Indeed, as the Appellees acknowledge, the limitations arguments they have briefed for the DTPA apply equally to limitations for negligent misrepresentation. *See* App'ee Br. 35 ("In any event, those [negligent-misrepresentation] claims fail for the same reasons the DTPA claims were defeated…").

## V.

The motion under Rule 38.7 should be granted and, consistent with that order, the statute-of-limitations argument within the Appellant's Brief should be deemed to extend to the negligent-misrepresentation claim.[2]

---

[2] The Court may choose to permit a specific amendment (such as simply adding "and negligent misrepresentation" on page 36), or it may choose to treat this motion as itself supplementing the original brief to make this substantive argument. *E.g., Roper v. CitiMortgage, Inc.*, 2013 Tex. App. LEXIS 14518, at *66 n.17 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (under Rule 38.7, treating a motion as a supplemental brief).

Respectfully submitted,

/s/ Don Cruse

_____

Don Cruse
State Bar No. 24040744
LAW OFFICE OF DON CRUSE
1108 Lavaca Street, Suite 110-436
Austin, Texas 78701
[Tel.] (512) 853-9100
[Fax] (512) 870-9002
don.cruse@texasappellate.com

COUNSEL FOR APPELLANTS

## CERTIFICATE OF CONFERENCE

I conferred with counsel for the Appellees, who informed me that the motion is opposed.

/s/ Don Cruse

Don Cruse

## CERTIFICATE OF SERVICE

I certify that on May 18, 2015, this **Motion to Amend** was served on counsel of record electronically:

D. Todd Smith
SMITH LAW GROUP, P.C.
1250 Capital of Texas Highway South
Three Cielo Center, Suite 601
Austin, Texas 78746

*Counsel for Appellees*

/s/ Don Cruse

Don Cruse